THE SCHENECTADY SAVINGS BANK, Plaintiff, *v.* MILTON A. WERTHEIM and Others, Defendants.

Supreme Court, Schenectady County, April 9, 1932.

*Edwin E. Miller*, for the plaintiff.

*Wemple, Peters & Wemple*, for the defendant Elsie S. Wellman.

HEFFERNAN, J. This action is for the foreclosure of a mortgage dated April 25, 1923, and recorded in the Schenectady county clerk's office on May 8, 1923. The defendant Elsie S. Wellman is the only answering defendant and she contends that the lien of this mortgage is subordinate to a lease to her of the upper flat of the house located upon the premises in question.

This defendant is the widow of Walter Wellman. Among other provisions which her husband made for her benefit, his will provided that she should have the life use of the upper flat of the premises which he owned at 929 Albany street in the city of Schenectady, N. Y. That property was free and clear of all incumbrances. His will was admitted to probate on December 19, 1918. Decedent also left surviving a son and a daughter, defendant's stepchildren, who were the residuary legatees under his will. On January 31, 1923, these children and defendant entered into an agreement in writing by the terms of which she released and quitclaimed to them all her interest in the real estate of her husband. They, on their part, stipulated and agreed to secure title to some other piece of property in Schenectady, the location to be agreed upon by all the parties, and to give defendant for the term of her natural life the occupancy, rent free, of one of the apartments in such building. Thereafter defendant's stepchildren arranged to obtain the legal title to the premises at 864 Union street. They did not actually receive the deed thereto until April 24, 1923. On April twenty-third of the same year defendant agreed with the stepchildren to occupy the second floor of these premises as a substitute for the premises previously occupied by her under the terms of her husband's will. The proof shows that on the same day defendant received the key to these premises, had her furniture removed to the apartment and has been in possession ever since. On April 25, 1923, the stepchildren executed and delivered to plaintiff the mortgage which is now being foreclosed and which is a lien upon the premises in question. No reference is made to defendant's lease in the mortgage. Apparently the stepchildren failed to acquaint the plaintiff with the fact that they had previously arranged with defendant that she should have a life lease of the upper flat. They not only deceived the bank but also their stepmother. Some time during the year 1924 defendant received from her stepson, who was also a lawyer, a paper which he told her was a life lease of the premises in question. This lease is dated May 10, 1923. It was recorded in the Schenectady county clerk's office on April 4, 1924. Defendant did not sign this agreement. Her testimony is that she relied upon the stepson to protect her interests in the property. Evidently the stepson not only drew the

lease but had it recorded. Defendant put the instrument in her safety deposit box without reading it and knew nothing about the existence of plaintiff's mortgage until shortly before the institution of this action.

At the time it acquired its mortgage it may be assumed that plaintiff had no knowledge of the agreement between defendant and her stepchildren dated January 23, 1923. When it took the mortgage, however, defendant was in possession of a portion of this property. The general rule is that possession of land is constructive notice to a purchaser, mortgagee or others of the occupant's title and equities. Defendant's possession, therefore, was notice to the plaintiff of any interest in that property which she might be able to establish. Her possession was actual, open and visible. That was sufficient to put the plaintiff upon inquiry. Her occupation of these premises was ample to charge the plaintiff that she had some right there which inquiry by it would have disclosed. Plaintiff could readily have ascertained from defendant what interest, if any, she had in this property. It neglected to do so and consequently is chargeable with notice of her rights which is sufficient to defeat its claim here.

It follows, therefore, that the lien of the mortgage is subordinate to defendant's interest in this property.